**MARR JONES & WANG**

A LIMITED LIABILITY LAW PARTNERSHIP

DARIN R. LEONG        8702-0
Pauahi Tower
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Tel. No. (808) 536-4900
Fax No. (808) 536-6700

Attorney for Defendant
LONGS DRUG STORES CALIFORNIA, L.L.C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHLEEN KAU LOPEZ<br><br>              Plaintiff,<br><br>     vs.<br><br>LONGS DRUG STORES CALIFORNIA, LLC dba LONGS DRUGS #9825; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>              Defendants. | CIVIL NO. _____<br><br>DEFENDANT LONGS DRUG STORES CALIFORNIA, L.L.C.'S **NOTICE OF REMOVAL**; DECLARATION OF DARIN R. LEONG; EXHIBIT "A"; CERTIFICATE OF SERVICE<br><br><br><br>No trial date. |

1133594

### DEFENDANT LONGS DRUG STORES CALIFORNIA, L.L.C.'S
### NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF HAWAII:

PLEASE TAKE NOTICE that Defendant LONGS DRUG STORES

CALIFORNIA, L.L.C. ("Defendant"), pursuant to 28 U.S.C. § 1332, hereby

removes the above-captioned matter, which was commenced in the Circuit Court

of the First Circuit, State of Hawaii, as Civil No. 18-1-1941-12 DEO, to the United

States District Court for the District of Hawaii.  In support of removal, Defendant

states:

1.     Upon information and belief, on December 3, 2018, the instant

action was commenced by the filing of a Complaint in the Circuit Court of the First

Circuit, State of Hawaii, identified as Civil No. 18-1-1941-12 DEO, *Kathleen Kau*

*Lopez v. Longs Drug Stores California, L.L.C. dba Longs Drugs #9825, et al.*

2.     The Complaint was served on Defendant's registered agent on

December 10, 2018.  A true and correct certified copy of the Complaint served on

Defendant is attached hereto as **Exhibit A**.

3.     No other process, pleadings, and/or orders have been served

upon Defendant in this case.

4.     No Answer to the Complaint has yet been filed.

2

5.    No further proceedings have been had, and thirty days have not elapsed since this action became removable to this Court.  Thus, removal of this action is timely under 28 U.S.C. § 1446(b).

6.    Defendant has the right to remove Civil No. 18-1-1941-12 DEO to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because there is diversity of citizenship between the parties.  Plaintiff alleges at paragraph 6 of her Complaint that she is a resident of the State of Hawaii.  Defendant Longs Drug Stores California, L.L.C. is a limited liability company organized under the laws of the State of California, whose sole member is Longs Drug Stores, L.L.C.  The sole member of Longs Drug Stores, L.L.C. is CVS Pharmacy, Inc., which is a corporation organized under the laws of the State of Rhode Island and which has its principal place of business in the State of Rhode Island.  For purposes of determining diversity jurisdiction, a limited liability company is a citizen of every state in which its members are citizens.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Accordingly, Defendant is not a citizen of the State of Hawaii and there is complete diversity of citizenship between the parties to this lawsuit.  The Court has subject matter jurisdiction over the claims in the Complaint pursuant to 28 U.S.C. § 1367.

7.    The matter in controversy in this lawsuit exceeds the jurisdictional threshold set forth in 28 U.S.C. § 1332(a), as Plaintiff seeks damages

the sum or value of which exceeds $75,000.  Plaintiff alleges that she has

"suffered, and continues to suffer, economic damages, including, but not limited

to, punitive damages, past and future wages, past and future benefits, and other

expenses … ." (Compl. at ¶52).  Plaintiff also alleges that she has suffered

"humiliation, distress, and impairment of her personal dignity" due to Defendant's

alleged conduct.  (Compl. ¶52).  In addition, Plaintiff seeks to recover her

attorneys' fees and costs of suit.  (Compl. Prayer ¶ H).

8.     Where the amount in controversy is not specifically pled in the

complaint, courts must look to the facts pled and estimate the amount in

controversy, recognizing that what matters is the amount in controversy, not the

amount of damages the plaintiff may ultimately recover, if any.  *See Singer v. State*

*Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *see also Lewis v.*

*Verizon Commc'ns, Inc.*, 627 F.3d 395, 400-01 (9th Cir. 2010) ("The amount in

controversy is simply an estimate of the total amount in dispute, not a prospective

assessment of defendant's liability").

9.     There have been nearly 72 workweeks from the date Plaintiff's

employment was allegedly terminated on August 25, 2017and January 9, 2019, the

date of this notice of removal.  At the time Plaintiff's employment with Defendant

ended, she was paid an hourly wage of $14.15 per hour.  Plaintiff alleges at

paragraph 42 of her Complaint that she has been unsuccessful in finding

comparable replacement employment.  Therefore, the amount of back pay in

controversy between the time Plaintiff's employment with Defendant ended and

the filing of this removal is approximately $40,752.

        10.    Both past and future lost wages should be taken into account for

purposes of evaluating the amount in controversy.  *See Kroske v. U.S. Bank Corp.*,

432 F.3d 976, 980 (9th Cir. 2005).  Estimating that a trial would not be for another

year, that would add an additional 52 weeks of recoverable back pay.  The total

amount of back pay in controversy in this case is approximately $70,184 ($40,752

+ $29,432).

        11.    In addition, to the extent Plaintiff seeks future lost wages in her

Complaint.  (Compl. at ¶52).  Even conservatively estimating that Plaintiff seeks

front pay damages of only one year, the amount of front pay in controversy in this

case is $29, 432, bringing just her claimed economic damages to $99,616, far in

excess of the jurisdictional threshold.  Of course, as set forth above, Plaintiff also

demands punitive damages, damages for "humiliation, distress, and impairment of

her personal dignity" and attorneys' fees and costs of suit.  *See Galt G/S v. JSS*

*Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute

authorizes an award of attorneys' fees, either with mandatory or discretionary

language, such fees may be included in the amount in controversy");

12.    In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, even a conservative estimate of Plaintiff's claims, not including punitive damages and attorneys' fees, totals well in excess of the $75,000 minimum threshold.  The Court therefore has original jurisdiction over this action based on diversity of citizenship under 28 U.S.C. sections 1332(a)(1) and 1441.

13.    Venue is proper in the District of Hawaii pursuant to 28 U.S.C. § 1391 inasmuch as the events giving rise to the instant lawsuit, as alleged in the Complaint, allegedly occurred in the District of Hawaii.  *See* Ex. A.

14.    Pursuant to 28 U.S.C. § 1446(d), Defendant will provide Plaintiff with written notice of the filing of this Notice of Removal, and will file a copy of the Notice of Removal with the Clerk of the Circuit Court of the First Circuit, State of Hawaii.

WHEREFORE, Defendant hereby respectfully requests that this action be removed from the Circuit Court of the First Circuit, State of Hawaii, to the United States District Court for the District of Hawaii and that the action proceed herein.

DATED:      Honolulu, Hawaii, January 9, 2019.

/s/  Darin R. Leong
DARIN R. LEONG

Attorney for Defendant
LONGS DRUG STORES
CALIFORNIA, L.LC.