

Of Counsel:
CLAY CHAPMAN IWAMURA PULICE & NERVELL

CARLOS D. PEREZ-MESA, JR.      #5448
MICHELLE K. CHING              #10585
Topa Financial Center, Bishop Street Tower
700 Bishop Street, Suite 2100
Honolulu, Hawaii 96813
Telephone:   (808) 535-8400
Facsimile:   (808) 535-8446

Attorney for Plaintiff
KATHLEEN KAU LOPEZ

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

## STATE OF HAWAII

| | |
|---|---|
| KATHLEEN KAU LOPEZ,<br><br>Plaintiff,<br><br>vs.<br><br>LONGS DRUG STORES CALIFORNIA,<br>L.L.C. dba LONGS DRUGS #9825; JOHN<br>DOES 1-10; JANE DOES 1-10; DOES<br>CORPORATIONS 1-10; DOE<br>PARTNERSHIPS 1-10; DOE NON-PROFIT<br>ENTITIES 1-10; and DOE<br>GOVERNMENTAL ENTITIES 1-10,<br><br>Defendants. | CIVIL NO. 18-1-1941-12 DEO<br>(Non-Motor Vehicle Tort)<br><br>COMPLAINT; DECLARATION OF<br>KATHLEEN KAU LOPEZ; DEMAND FOR<br>JURY TRIAL; SUMMONS<br><br><br><br>**SUMMONS<br>DENIED**<br>LEGAL DOCUMENTS BR |

## COMPLAINT

COMES NOW Plaintiff, KATHLEEN KAU LOPEZ ("Plaintiff"), by and through her

attorneys, Clay Chapman Iwamura Pulice & Nervell, and for her claims for relief hereby states

as follows:

6250.001



**EXHIBIT A**

## JURISDICTION & VENUE

1.     All events material to this Complaint occurred within the City and County of Honolulu, State of Hawaii.

2.     The Court has personal jurisdiction over the above-named Defendants pursuant to Haw. Rev. Stat. ("HRS") § 634-35, as the tortious acts and/or omissions alleged herein occurred in the State of Hawaii.

3.     The Court has subject matter jurisdiction pursuant to HRS §§ 603-21.5 and 604-5.

4.     Venue is proper pursuant to HRS § 603-36, as all of the tortious acts and/or omissions alleged herein occurred within the City and County of Honolulu, State of Hawaii.

5.     The total amount of damages incurred by or on behalf of Plaintiff, due to the tortious acts and/or omissions described herein, is in excess of the minimum jurisdictional requirements of the Circuit Court.

## PARTIES

6.     Plaintiff is and was at all relevant times herein, a resident of the City and County of Honolulu, State of Hawaii.

7.     Upon information and belief, at all times material to this Complaint, Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. dba LONGS DRUGS #9825 ("Longs") is and was a Foreign Limited Liability Company organized in the State of California and registered to do business in the State of Hawaii.

8.     At all times material to this Complaint, Longs operated the retail pharmacy located at 609 Kailua Road, Kailua, State of Hawaii.

9.     Defendants JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE NON-PROFIT ENTITIES 1-10, and DOE GOVERNMENTAL ENTITIES 1-10 (hereinafter referred to as "Doe Defendants") are persons,

corporations, partnerships, business entities, non-profit entities, and/or governmental entities who acted in a negligent, wrongful or tortious manner which proximately caused or contributed to injuries and damages sustained by Plaintiff. Plaintiff has been unable to ascertain the names and identities of the above-named Doe Defendants from the investigation that has been conducted to date. Accordingly, Plaintiff has sued the unidentified Doe Defendants herein with fictitious names pursuant to Rule 17(d) of the Hawaii Rules of Civil Procedure, and she will substitute the true names, identities, capacities, acts and/or omissions of the Doe Defendants when the same are ascertained.

10.   At all pertinent herein, Longs, including its respective agents and/or servants and/or employees and/or directors and/or officers had a responsibility to follow the laws and/or regulations and/or applicable rules of the State of Hawaii which prohibit unlawful discrimination against employees, including Plaintiff.

11.   At all times pertinent herein, Longs, including its respective agents and/or servants and/or employees and/or directors and/or officers had a responsibility to treat Plaintiff fairly in the compensation, terms, conditions and privileges of her employment.

## NATURE OF THE CASE

12.   Plaintiff was a dedicated and hardworking Overnight Shift Supervisor at Longs since October 2009 until her wrongful termination on August 25, 2017.

13.   Plaintiff was an exemplary employee. She inspired her co-workers to do their best and excelled above and beyond Longs' general expectations.

14.   In April, July, and September 2015, Plaintiff received excellent performance reviews and was recognized for "providing customers with legendary myCustomer service."

3

15.   During this period, Plaintiff was repeatedly told by her co-workers and supervisors that her performance was exemplary.

16.   Plaintiff's employment record is unblemished aside from being "written up" once for a short drawer in the holiday season of 2010, prior to becoming a supervisor. Plaintiff had no other history of suspensions or reprimands.

17.   On or about August 21, 2017, Plaintiff had a face-to-face meeting with Frank Moreno the "Loss Prevention" store member and Shelly Lilio a store manager, both employed by Longs. At said meeting, both Mr. Moreno and Ms. Lilio falsely accused Plaintiff of stealing from the cash register.  They did not provide any evidence whatsoever to show that Plaintiff was responsible for the unaccounted monies.  Mr. Moreno and Ms. Lilio alleged that cameras were installed by the cash register, which captured footage of Plaintiff supposed malfeasance. Plaintiff was told that she was suspended until further notice.

18.   To date, Longs has failed to provide Plaintiff her complete employment file and any clear and cogent evidence necessary to support the purported theft.

19.   Plaintiff did not return to work following August 21, 2017, due to the suspension. Plaintiff was not told of any other consequences that she may face in the future other than being suspended.  Moreover, she was not informed as to when her suspension would be lifted.

20.   On or about August 29, 2017, Plaintiff was contacted via phone by Shelly Lilio, and was informed that her employment was terminated on August 25, 2017. This was the first time that Plaintiff was informed about her termination. Plaintiff's employment termination came as a shock because no objective evidence was ever made available to her, despite multiple requests for her employment record.

21.  On or about August 25, 2017, Plaintiff's HMSA health insurance - provided by Longs - was terminated. This left Plaintiff uninsured, forcing her to pay out-of-pocket for her medically necessary dialysis treatments.

22.  On or about August 30, 2017, Plaintiff received her regular hourly pay.  However, no severance pay was received.

## FACTS COMMON TO ALL ALLEGATIONS RELATING TO ADVERSE EMPLOYMENT ACTIONS

**A.    Plaintiff's Duties as Supervisor**

23.  Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-22, inclusive.

24.  Plaintiff was an Overnight Shift Supervisor for over 7 years.  Plaintiff was responsible for overseeing daily sales reports, training and evaluating hourly employees, supervising cashier clerks and auditing the cashier drawers between shift changes.

25.  Plaintiff audited the cashier drawers at approximately 9:00 p.m. every shift before the cashiers came in. Longs' bookkeepers audit the cash drawers again at 5:00 a.m. every morning.

**B.    Management Structure**

26.  Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-25, inclusive.

27.  As an Overnight Shift Supervisor, Plaintiff's immediate supervisor was the store manager, Shelly Lilio.

28.  There are 5 store managers for the Longs located at 609 Kailua Road, Kailua, Hawaii 96734.

29.   Frank Moreno oversees "Loss Prevention" at the Longs located at 609 Kailua Road, Kailua, Hawaii 96734.

C.    **Plaintiff's Health & Illness**

30.   Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-29, inclusive.

31.   In September 2016, Plaintiff was diagnosed with Stage 5 renal failure and started dialysis 3 days a week. Plaintiff's major life activities such as her ability to remove toxins from the blood and ability to urinate, ambulate, fight infections, and work every day were and continue to be limited because of her low kidney function.

32.   Plaintiff has episodes of sudden weakness after her dialysis treatments. During Plaintiff's employment at Longs, Plaintiff notified Ms. Lilio of this treatment side effect. As a result, Plaintiff's work schedule as an Overnight Shift Supervisor was modified by Ms. Lilio to accommodate her dialysis treatment.

33.   Plaintiff's dialysis treatment was approximately 90% covered under her health insurance plan, HMSA, which was provided by Longs. Plaintiff's out-of-pocket cost for her dialysis is about three hundred dollars ($300.00) monthly.

34.   Plaintiff's HMSA health insurance, provided by Longs, was terminated on or about August 25, 2017. This left Plaintiff uninsured, forcing her to pay out-of-pocket for her medically necessary dialysis treatments. Plaintiff was shocked and unprepared for this financial burden due to Longs' abrupt and wrongful termination.

35.   Plaintiff still owes more than three thousand dollars ($3,000.00) in out-of-pocket medical cost due to Longs' unlawful termination of her medical benefits.

6

36. Plaintiff was forced to apply for early retirement benefits with the Social Security Administration to obtain comparable health care plan coverage for her dialysis treatments. Since December 2017, Plaintiff has been covered by Medicare.

**D.    Plaintiff's Termination**

37. Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-36, inclusive.

38. On or about August 29, 2017, Plaintiff was told over the phone by Ms. Lilio that her employment was terminated effective August 25, 2017.

39. Despite Plaintiff's lengthy employment with Longs and exceptional work ethics, Longs failed to provide any written notice, late or advanced, and actually informed Plaintiff of her termination 4 days after the fact. Plaintiff has at all times duly performed all the conditions of the employment agreement until prevented from doing so by Longs. At all times relevant to this Complaint, Plaintiff has been ready, willing, and able to perform her job.

40. Upon information and belief, Plaintiff's disability is a determining factor in Longs's decision to fire her. Upon information and belief, Longs's stated reason for the adverse employment action is illegitimate. Longs failed to proffer any evidence legitimizing its adverse employment action. The circumstances surrounding Plaintiff's termination gives rise to an inference of discrimination for Long's arbitrary and without just cause firing. Upon information and belief, Plaintiff should not have been fired on such unlawful grounds.

41. Longs acted contrary to its written company policy prescribed in the Longs Health Colleague Handbook. Longs's Anti-Discrimination policy states that "Longs is committed to the principle of equal employment opportunity. It prohibits discrimination against colleagues on the basis of . . . physical or mental disability, . . . or on any other basis or characteristic prohibited by applicable federal, state or local law."

7

42.   Upon information and belief, Plaintiff has not been comparably employed since Longs's termination.  Upon information and belief, Plaintiff has made diligent efforts to find replacement and comparable employment but has been unsuccessful.  Upon information and belief, Plaintiff earned approximately $13.00 an hour with Longs.

43.   Longs is liable for the torts and wrongful conduct of its respective agents and/or servants and/or employees and/or officers and/or directors.  As a result of Longs's foregoing acts, omissions, and conduct, Plaintiff has suffered general and special damages in amounts to be shown at trial and is entitled to all equitable and legal remedies and damages, including but not limited to, all remedies provided in  HRS § 378 and other applicable law, including all of Plaintiff's costs and reasonable attorneys' fees.

## COUNT I
**(Discriminatory Discharge of Plaintiff from Employment in Violation of Haw. Rev. Stat. § 378-2, et seq.)**

44.   Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-43, inclusive.

45.   At all materials times, Longs wrongfully terminated Plaintiff and Longs contravened clear mandates of the State of Hawaii against disability discrimination.

46.   Such termination is contrary to public policy, as embodied in all state and federal statutes and regulations prohibiting discrimination

47.   Upon information and belief, Plaintiff is an individual with a "disability" within the meaning of the statute.  In addition, Plaintiff is otherwise qualified to perform the essential duties of her job with or without reasonable accommodation.  Lastly, Plaintiff suffered an adverse employment decision because of her disability.

8

48.     Upon information and belief, Longs's firing was pretextual because of Plaintiff's disability for the following reasons: (1) Longs had knowledge of Plaintiff's healthcare costs; (2) Longs gave false explanations for its adverse employment action; and (3) Longs used subjective criteria in its termination decision.

49.     Longs's actions were committed with the wrongful intent to injure Plaintiff and in conscious disregard of Plaintiff's rights in violation of HRS § 378-2.

50.     HRS § 378-2, provides in pertinent part: "(a) It shall be an unlawful discriminatory practice: (1) Because of . . . disability. (A) For any employer to refuse to hire or employ or to bar or discharge from employment, or otherwise to discriminate against any individual in compensation or in the terms, conditions, or privileges of employment[.]"

51.     The foregoing acts, errors and/or omissions by Longs constitute unlawful discrimination on the basis of disability against Plaintiff in violation of HRS § 378-2 and/or other applicable law.

52.     As a result of Long's actions, Plaintiff suffered and continues to suffer humiliation, distress, and impairment of her personal dignity and right to be free from discrimination. Plaintiff suffered, and continues to suffer, economic damages, including, but not limited to, punitive damages past and future wages, past and future benefits, and other expenses to be proven at trial.  As a further result of Long's actions, Plaintiff suffered emotional distress, resulting in damages to be proven at trial.

53.     By reason of Longs's conduct, Plaintiff has necessarily retained attorneys to prosecute this action. Plaintiff is therefore entitled to an award of reasonable attorneys' fees and expenses incurred in bringing this action.

## COUNT II
### (Breach of contract)

54.   Plaintiff realleges and incorporates by reference all allegations contained in

Paragraphs 1-53, inclusive.

55.   Plaintiff was employed with Long under a written contract. The contract terms

relied on by Plaintiff included but were not limited to:

> (a) Written personnel policies, which provided that: (1) if an employee was
> performing unsatisfactorily, the employee would be disciplined in accordance
> with Longs's progressive disciplinary steps; and (2) employees would be treated
> fairly and in accordance with the laws of Hawaii;
>
> (b) Plaintiff had an employment contract for so long as she performed her job in a
> satisfactory manner; and
>
> (c) Longs's actions against Plaintiff would not violate public policy.

56.   Longs breached its contract with Plaintiff by:

> (a) refusing to give Plaintiff the opportunity to succeed at her job;
> (b) failing to treat Plaintiff in accordance with Longs's stated policies;
> (d) terminating Plaintiff in breach of the promises made to Plaintiff; and
> (e) terminating Plaintiff without following Longs's policies and practices.

57.   Longs has refused and continues to refuse to allow Plaintiff the benefits of Longs'

employment contract and to perform under this contract in the agreed upon manner.

58.   As a direct, foreseeable, and proximate result of Longs's breach, Plaintiff has

suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and

expenses incurred in the search for comparable employment, the precise amount of which will

be proven at trial.

59.   As a further direct and proximate result of Longs's unlawful conduct, Plaintiff has

suffered extreme and severe anguish, humiliation, emotional distress, anxiety, and depression,

the extent of which is not fully known at this time, and the amount of damages caused by

Longs's conduct is not yet fully ascertained, the precise amount to be proven at the time of trial. Plaintiff claims this amount together with pursuant to applicable prejudgment interest. Wherefore, Plaintiff requests judgment against defendants as set forth in this Complaint.

60.   Moreover, in this case Longs has violated the express terms of its own personnel policy. Longs's anti-discrimination policies outlaw discrimination based on disability.

61.   As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Longs's actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and monetary relief available for discrimination at trial.

62.   Longs's unlawful actions was intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

63.   Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## COUNT III
### (Intentional Infliction of Emotional Distress)

64.   Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-63, inclusive.

65.   Longs's wrongful termination was malicious and/or made with a conscious and/or reckless disregard of Plaintiff's mental well-being.

66.   As a result of the Longs's wrongful termination, Plaintiff has suffered humiliation, mental anguish and emotional and physical distress resulting in punitive damages in an amount to be proven at trial. Plaintiff suffered severe and devastating emotional distress as a result of Longs's wrongful termination, proximately caused by the negligent acts and

omissions of Longs. Plaintiff is entitled to compensation for their emotional distress in amounts to be shown at trial.

## COUNT IV
### (Negligent Infliction of Emotional Distress)

67.   Plaintiff realleges and incorporates by reference all allegations contained in Paragraphs 1-66, inclusive.

68.   As a direct and proximal result of the above-described acts or omissions of the Longs, Plaintiff has suffered mental anguish, anxiety, worry, suffering and grief.

WHEREFORE, Plaintiff demands judgment against Long, jointly and severally, as follows:

A.   For such special damages as will be proven at trial;

B.   For general damages the amount of general damages is within the minimum jurisdictional limits of this Court;

C.   An award of punitive damages against Longs in an amount to be proven at trial;

D.   For Plaintiff's lost wages and all other compensation denied or lost by reason of Longs's unlawful actions, in an amount to be proven at trial;

E.   For interest on lost wages, compensation, and damages;

F.   Judgment against Longs for an amount to be proven at trial;

G.   Pre-and post-judgment interest as provided by law;

H.   For attorney's fees and costs of this lawsuit; and

I.   Such other and further relief to which Plaintiff may be justly entitled.

DATED: Honolulu, Hawaii, __12/3/18_____.

_Michelle Ching_

**CARLOS D. PEREZ-MESA, JR.**
**MICHELLE K. CHING**
**Attorneys for Plaintiff**
**KATHLEEN KAU LOPEZ**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KATHLEEN KAU LOPEZ, | CIVIL NO. 18 - 1 - 1 9 4 1 - 12 |
| Plaintiff, | (Non-Motor Vehicle Tort) |
| vs. | DECLARATION OF KATHLEEN KAU LOPEZ |
| LONGS DRUG STORES CALIFORNIA, L.L.C. dba LONGS DRUGS #9825; JOHN DOES 1-10; JANE DOES 1-10; DOES CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | |
| Defendants. | |

## DECLARATION OF KATHLEEN KAU LOPEZ

I, KATHLEEN KAU LOPEZ, declare and affirm under penalty of perjury that the statements made herein below are true and correct to the best of my knowledge, and is based upon personal knowledge unless stated otherwise:

1. I am over 18 years old in age and am competent to testify as to all matters set forth herein.

2. I am the named Plaintiff in the above-referenced civil litigation.

3. Carlos D. Perez-Mesa, Jr., Michelle K. Ching, and the law offices of Clay Chapman Iwamura Pulice & Nervell are my attorneys in the above-referenced litigation.

4. I was employed at Longs, whose place of business is 609 Kailua Road, Kailua, Hawaii 96734, since October of 2009.

5. I was initially hired as a cashier then transitioned to be an overnight clerk when

Longs started operating for 24 hours. I was then promoted to Supervisor B after working at Longs for about 2 years.

6. I was suspended on or about August 21, 2017 after being told by the loss prevention team member that he saw my "hand in the drawer." I was told that there were cameras installed at the register drawer.

7. I requested proof of these allegations a number times but was never shown any video evidence or given any factual basis for my suspension and eventual termination.

8. I received a phone call on or about August 29, 2017 and notified that I was "fired" on August 25, 2017.

9. I have requested my employment file multiple times but have only received copies of past awards I have been given during my tenure at Longs. To date, I have not received my complete employment file, which I assume would include evidence of my alleged stealing.

I, KATHLEEN KAU LOPEZ, declare under penalty of law that the foregoing is true and correct.

DATED: Honolulu, Hawaii, ___12/3/18___.

KATHLEEN KAU LOPEZ
Declarant

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KATHLEEN KAU LOPEZ, | CIVIL NO. 18 - 1 - 1 9 4 1 - 12 |
| Plaintiff, | (Non-Motor Vehicle Tort) |
| vs. | DEMAND FOR JURY TRIAL |
| LONGS DRUG STORES CALIFORNIA, L.L.C. dba LONGS DRUGS#9825; JOHN DOES 1-10; JANE DOES 1-10; DOES CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, | |
| Defendants. | |

## DEMAND FOR JURY TRIAL

COME NOW Plaintiff, KATHLEEN KAU LOPEZ, by and through her attorney, Clay Chapman Iwamura Pulice & Nervell, and hereby demands trial by jury on all issues triable herein.

DATED: Honolulu, Hawaii, ___12/3/18___ .

_Michelle Ching_
CARLOS D. PEREZ-MESA, JR.
MICHELLE K. CHING
Attorneys for Plaintiff
KATHLEEN KAU LOPEZ

16

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| KATHLEEN KAU LOPEZ,<br><br>                    Plaintiff,<br><br>     vs.<br><br>LONGS PHARMACY, INC.; LONGS DRUGS HAWAIʻI; JOHN DOES 1-10; JANE DOES 1-10; DOES CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE NON-PROFIT ENTITIES 1-10; and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>                    Defendants. | CIVIL NO.  18 - 1 - 19 4 1 - 12<br>(Non-Motor Vehicle Tort)<br><br><br>SUMMONS |

## SUMMONS

STATE OF HAWAII

TO THE ABOVE-NAMED DEFENDANTS:

You are hereby summoned and required to file with the court and serve upon, Clay Chapman Iwamura Pulice & Nervell, Plaintiff's attorney, whose address is 700 Bishop Street, Suite 2100, Honolulu, Hawaii, 96813, an answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF**

**DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR**

**PARTY.**

| DATE ISSUED | CLERK | SUMMONS DENIED LEGAL DOCUMENTS BR | |
|---|---|---|---|
| DEC 0 3 2018 | | | |
| I do hereby certify that this is full, true, and correct copy of the original on file this office. | | Circuit Court Clerk | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require accommodation for a disability, please contact the ADA coordinator at the Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4853 or TTY 539-4853 at least ten (10) working days prior to your hearing or appointment date.